BISHOP, BABCOCK, BECKER COMPANY, Defendant in Error, v. EDWARD W. KLOSS, Plaintiff in Error.

**Kansas City Court of Appeals, March 16, 1914.**

1. **ACCOUNTS: Proof of Value.** Notwithstanding the items of material and labor in plumbing are in evidence, if their value is not shown a judgment for the sum claimed is erroneous.

2. ———: **Answer: Practice.** If the parties treat an account as put in issue by defendant's answer, it is too late to question it in the appellate court.

Error to Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

REVERSED AND REMANDED.

*Broaddus & Crow* for plaintiff in error.

*Spencer & Landis* for defendant in error.

ELLISON, P. J.—Plaintiff's action is founded on a petition containing two counts. The first one is for

installing an automatic hydraulic vacuum pump in defendant's residence, guaranteed to work properly. The second is for labor done and material furnished by the Rock Plumbing and Heating Company in connection with putting in the pump. The verdict was for the plaintiff on both counts.

At the close of the case defendant offered a demurrer to the evidence and it was refused. Defendant complains of an instruction which submitted to the jury on the first count, the hypothesis of the pump not working satisfactorily, that is, did not heat the house evenly and with uniform radiation as guaranteed and that such failure was due to improper handling of the furnace and improper firing, on which subject defendant insists there was no evidence. We have examined the record and find that there was evidence on that head sufficient to justify the instruction.

But defendant contends that his demurrer to the evidence on the second count should have been sustained for the reason that there was a total lack of evidence to prove the value of the plumbing material and labor. This point is well made and must be sustained. [Porch v. Pollock, not yet officially reported, 160 S. W. 815.]

Plaintiff suggests that the items were stated in evidence and that the jury could itself judge of the worth and value. We think not. It is likewise claimed that the answer was a general denial, not denying separately each count. Be that as it may, the parties at the trial considered both counts in issue and it is too late to make such question in the appellate court.

The judgment is reversed and the cause remanded. All concur.

PER CURIAM.—Plaintiff having afterwards remitted the amount of the second count, the judgment reversing and remanding will be set aside and affirmance ordered; defendant in error to pay the costs of appeal.